MR. AND MRS. WILL MAULDIN v. T. C. BALLOU, T/A BALLOU CONSTRUCTION COMPANY OF LUMBERTON, N. C.

No. 7416DC206

(Filed 6 March 1974)

Contracts § 27— payment for partial construction of house — damages for inadequate work

The evidence was sufficient to support the trial court's determination that defendant was entitled to recover $7,655 from plaintiffs for work completed on a house for plaintiffs and that plaintiffs were entitled to recover liquidated damages of $1,530 for work not adequately completed by defendant.

ON *certiorari* to review the order of *Britt, District Court Judge,* 1 June 1973 Session of ROBESON County District Court.

This action was instituted by plaintiffs to recover sums paid by them to defendant for the partial construction of a house, or, in the alternative, to compel defendant to complete the house and pay damages for the delay in completion. Defendant by answer averred that it had made diligent efforts to complete the home, and that plaintiffs requested the delay in order that they could reconsider the plans. Defendant averred also that once construction was resumed, plaintiffs delayed defendant's efforts by insisting on frequent changes in the construction. Defendant thereupon prayed that the court award it $7,655 damages for work completed on plaintiffs' house but not yet paid for.

After hearing evidence of both parties, Judge Britt made findings of fact and, based on these findings, concluded that

defendant was entitled to recover $7,655 from plaintiffs for work completed and that plaintiffs were entitled to recover liquidated damages of $1,530 for work not adequately completed by defendant. The court concluded that the recoveries should be offset, leaving the defendant with a net recovery of $6,125 against plaintiffs.

From the entry and signing of judgment, plaintiffs appealed.

*J. H. Barrington, Jr., for plaintiff appellants.*

*Page, Floyd and Britt, by W. Earl Britt, for defendant appellee.*

MORRIS, Judge.

Plaintiffs assign as error the findings of fact. Basically, plaintiffs argue that the trial judge should have found facts in accordance with plaintiffs' contentions. However, the findings of fact by the trial judge are conclusive if supported by competent evidence. We have carefully reviewed the evidence, and we conclude that it supports the facts, as found, even though it might have justified contrary findings upon some points.

The findings of fact support the conclusions of law. The judgment of the trial court is

Affirmed.

Chief Judge BROCK and Judge CARSON concur.